[S. F. No. 12431. Department Two.—August 21, 1928.]

STEFANO ROSETTI, Appellant, v. JOHN CASAZZA et al., Respondents.

Edward J. Lynch for Appellant.

T. H. DeLap for Respondents.

RICHARDS, J.— This appeal is from a judgment in favor of the defendants after motion for nonsuit granted. The plaintiff was employed as an agricultural laborer by the defendants, and during and in the course of his employment was directed to assist others who were engaged in clearing out chicken manure from a chicken-house and placing the same in boxes, which boxes, having been placed upon a wheelbarrow, the plaintiff was to wheel over and along a gang-plank eighteen inches wide and ten or twelve feet long, which led from the doorway of the chicken-house to a truck, where the same was to be unloaded. The gang-plank had wooden cleats on either side, with a space in the middle for the wheel of the barrow. Upon coming out of the chicken-house door with a loaded wheelbarrow the plaintiff either slipped or stumbled and the wheelbarrow went over the edge of the gang-plank, followed by plaintiff, who fell heavily on one of the upturned iron handles thereof and was severely injured. He sues herein to recover damages for such injury, basing his complaint upon the alleged negligence of his employer in failing to provide a reasonably safe appliance for his work. The appliance provided was one reasonably adapted to the simple purpose for which it was used, and the only evidence which the plaintiff offered tending to show negligence on the part of the defendant in the supplying and use of the same consisted in the plaintiff's statement that the gang-plank was "kind of old and the cleats were kind of weared out." His evidence entirely failed to disclose whether either of these alleged defects in the appliance caused him to slip and fall. The trial court, after hearing the evidence, arrived at the conclusion that it was insufficient to make out a case for the plaintiff, and we are satisfied that its conclusion in that regard ought not to be reversed upon appeal, in the presence of the very meager showing as to the cause of the plaintiff's injury.

The judgment is affirmed.

Shenk, J., and Langdon, J., concurred.